TATE, Justice
(dissenting from denial of review).
In my opinion, the lower courts were in error in dismissing this suit, for the reasons assigned by the dissenting opinion in the court of appeal, 355 So.2d 643, 651 (La.App. 4th Cir. 1978). On the merits, the 1960 amendment to the constitution of 1921 permitting judges “now serving” (i.e., in 1960) to serve beyond seventy-five years of age (under certain conditions)[1], does not apply to the respondent judge, who first took judicial office in 1964. This provision of the 1921 constitution was continued as a statute by Article XIV, Section 16(A)(5) of the 1974 constitution; however, the constitution’s language specifically provided that it was continued as a statute “but restricted to the same effect as on the effective date of this constitution”, i.e., January 1, 1975.
In reaching this conclusion, I do so fully acknowledging the distinguished past and present service of the respondent judge and that his physical and intellectual vigor are *451 that of a man at least two or three decades younger than his chronological age of seventy-six or so. If he is forced to retire by reason of the constitutional mandate, I would hope that the judicial system could continue to utilize his service as an assigned judge, if he is willing to accept such assignment.
Accordingly, I regretfully but respectfully dissent from the denial of review.

. The purpose was to permit those judges to retain certain retirement rights by service past seventy-five, which were terminated by the I960 amendment and would not apply to judges subsequently elected.